UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND BUCKWALTER, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07-cv-02171 |
| vs. | ) ) | |
| STERLING FINANCIAL CORPORATION, EQUIPMENT FINANCE, LLC, J. ROGER MOYER, JR., THOMAS DAUTRICH, GEORGE W. GRANER, J. BRADLEY SCOVILL | ) ) ) ) ) | |
| Defendants | ) ) | |
| -and- | ) ) | |
| _____ | ) ) | |
| KEVIN SIMPSON, Individually and on Behalf of All Others Similarly Situated | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07-cv-02497 |
| vs. | ) ) | |
| STERLING FINANCIAL CORPORATION, BANK OF LANCASTER COUNTY, N.A., EQUIPMENT FINANCE, LLC, J. ROGER MOYER, JR., TITO L. LIMA, J. BRADLEY SCOVILL, GEORGE W. GRANER, THOMAS DAUTRICH, JOHN DOE NOS. 1-20 | ) ) ) ) ) ) ) | |
| Defendants | ) ) | |
| -and- | ) ) | |
| _____ | ) ) | |
| PAUL A. MILLER, REGINA A. MILLER, on Behalf of All Others Similarly Situated | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07-cv-02694 |
| vs. | ) | |

|  |  |  |
|---|---|---|
| STERLING FINANCIAL CORPORATION, EQUIPMENT FINANCE, LLC, J. ROGER MOYER, JR., THOMAS DAUTRICH, GEORGE W. GARNER, J. BRADLEY SCOVILL | ) ) ) ) ) |  |
| Defendants | ) ) |  |
| -and- | ) ) |  |
| _____ | ) |  |
| KENNETH G. STOUDT, Individually and on Behalf of All Others Similarly Situated | ) ) ) |  |
| Plaintiffs | ) ) |  |
| vs. | ) ) | Case No. 07-cv-02914 |
| STERLING FINANCIAL CORPORATION, EQUIPMENT FINANCE, LLC, J. ROGER MOYER, JR., THOMAS DAUTRICH, GEORGE W. GRANER, J. BRADLEY SCOVILL, TITO L. LIMA | ) ) ) ) ) ) |  |
| Defendants | ) ) |  |

---

## MEMORANDUM OF LAW IN SUPPORT OF THE NEW MEXICO FUNDS' MOTION FOR LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF COUNSEL AND CONSOLIDATION OF RELATED CASES

---

Movants, the Public Employees Retirement Association of New Mexico and New Mexico Educational Retirement Board (collectively, the "New Mexico Funds"), who suffered $1,274,881.83 in losses from their purchases of the publicly-traded securities of Sterling Financial Corporation ("Sterling" or the "Company"), submits this Memorandum of Law in support of their motion pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Section 21D(a)(3)(B)(I) and (ii) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities

Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(e)(B), for an order (1) appointing the New Mexico Funds as lead plaintiff in these actions and any subsequently-filed related actions; (2) approving the New Mexico Funds' selection of the law firms of Cauley Bowman Carney & Williams, PLLC as Lead Counsel and Golomb & Honik, P.C. as Liaison Counsel for the proposed Class; and (3) consolidating these and all similar actions presently filed or to be filed against defendants for all purposes, including trial.

I.      INTRODUCTION AND FACTUAL BACKGROUND

The New Mexico Funds have suffered losses of approximately $1,274,881.83 from purchases of Sterling Financial Corporation ("Sterling" or the "Company") common stock during the period from April 27, 2004 through May 24, 2007, inclusive (the "Class Period"), having what it believes to be the largest financial loss of any party seeking to be appointed lead plaintiff.

Sterling is based in Lancaster, Pennsylvania and describes itself as a diversified financial services company offering a full range of banking services in south-central Pennsylvania, northern Maryland and northern Delaware. Through its affiliates, Sterling also offers insurance services and correspondent banking services in the mid-Atlantic region to other companies within the financial services industry. Sterling is a publicly traded company that lists its shares on the NASDAQ stock market under the symbol "SLFI."

During the period from April 27, 2004 through May 24, 2007, inclusive (the "Class Period"), Sterling materially misled the investing public thereby inflating the price of Sterling's securities by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make Sterling's statements, as set forth herein, not false and misleading. Throughout the Class Period, each defendant knew or recklessly disregarded that Sterling's true earnings were not as

3

represented in those reports, releases and statements, because in order to generate the appearance of prospering performance and favorable financial results, defendants had to, and did, violate Generally Accepted Accounting Principles ("GAAP").  As a result of these false and misleading statements, the Company's shares were traded at artificially inflated prices, causing damage to the New Mexico Funds and the other members of the Class when the Company revealed that the Company's previously filed financial statements for the periods 2004 through 2006 were no longer to be relied upon and would be restated.

On and after May 29, 2007, the following actions were filed against Sterling and certain of its officer and directors in the Eastern District of Pennsylvania[1]:

1.    Buckwalter v. Sterling Financial Corp., et al., 2:07-cv-02171;

2.    Simpson . Sterling Financial Corp., et al., 2:07-cv-02497;

3.    Miller v. Sterling Financial Corp, et al., 2:07-cv-02694; and

4.    Stoudt v. Sterling Financial Corp, et al., 2:07-cv-2914;

Each of these actions (collectively referred to as the "Related Cases") arise as a result of Sterling's efforts to inflate the price of its stock through the dissemination of false and misleading public statements during the Class Period.  More particularly, throughout the Class Period the Company failed to disclose that: (1) the Company lacked adequate internal controls; (2) the Company was improperly accounting for financing contracts in its Equipment Finance, LLC subsidiary; (3) the Company's financial statements were materially misstated; and (4) the

---

[1]In addition to cases filed in this jurisdiction, there are four cases pending in the Southern District of New York stemming from the same related course of events and substantially involving the same group of defendants as in the Related Actions.  The New Mexico Funds are concurrently moving to be appointed Lead Plaintiff in the Southern District of New York and to have these four actions consolidated.

Company's statements about its financial well-being and future business prospects lacked a reasonable basis. The Company's false and misleading statements were included in press releases and financial reports issued on Forms 10-Q and 10-K that were filed with the United States Securities and Exchange Commission ("SEC"). Further, each of the Related Actions is predicated on similar facts; claims that the market price of Sterling stock was artificially inflated as a result of the defendants' wrongful conduct; and, assert claims under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder by the SEC, as well as "controlling person" claims under Section 20(a) of the Exchange Act, on behalf of a class of all purchasers of Sterling securities (excluding the defendants and their affiliates). The New Mexico Funds seek consolidation of these actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

The New Mexico Funds also seek to be appointed as Lead Plaintiff, and request approval of their selection of counsel for the putative class of all purchasers of Sterling securities during the class period outlined in the Related Actions. The New Mexico Funds have a substantial financial interest in the vigorous prosecution of this action. In sum, the New Mexico Funds purchased 118,600 shares of Sterling stock for $2,589,581.12. See Mosser's Decl. at Exhibit 3.[2] Based on the mean trading price during the 60 days following the end of the class period, the New Mexico Funds' loss is $1,274,881.83.[3] The New Mexico Funds are unaware of any other individual or entity seeking appointment as lead plaintiff who represents a larger financial interest in the relief sought by the

---

[2]      The Proposed Lead Plaintiff's Certification documenting its transactions pursuant to the federal securities laws is attached as Exhibit 3 to the Declaration of Todd M. Mosser.

[3]      The losses suffered by Movant are not the same as their legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

class.

As set forth below, the PSLRA requires that the Court adopt the presumption that the most adequate plaintiff is the person that has either filed a complaint or moved for lead plaintiff, has the largest financial interest in the relief sought by the class, and otherwise satisfies the requirements of Rule 23.  The New Mexico Funds submit that they satisfy each requirement of the PSLRA; they have timely sought to be appointed as lead plaintiff through the instant motion; they have the largest financial interest of any other proposed lead plaintiff in the case; and they otherwise satisfy the requirements of Rule 23.

II.    LEGAL ARGUMENT

     A.    The New Mexico Funds Are Presumptively The Most Adequate Lead Plaintiff

         1.    The Procedure Required By The PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§78u-4(a)(1) and (a)(3)(b)(ii).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(I).  Within 60 days after publication of that notice, any person who is a member of the proposed class may apply to the Court to be appointed lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. §78u-4(a)(3)(A)(B).  In determining the "most adequate plaintiff," the Act

provides:

> [The court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> > (aa) has either filed the complaint or made a motion in response to a notice;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).  See generally, Greebel v. FTP Software, 939 F. Supp. 57 (D. Mass. 1996).

      2.    The New Mexico Funds Satisfy All Lead Plaintiff Requirements Of The PSLRA

The New Mexico Funds have timely responded to the statutory notice of the action by moving this Court to appoint them as Lead Plaintiff.  The New Mexico Funds are well qualified to represent the class.  Each of the New Mexico Funds executed a certification listing its respective transactions in Sterling securities, and stating its willingness to serve as a representative party on behalf of all class members.  The New Mexico Funds thus satisfy the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

      a.    The New Mexico Funds Have A Significant Financial Interest In The Relief Sought By The Class

During the Class Period, as evidenced by, among other things, the accompanying certification, the New Mexico Funds purchased Sterling stock during the class period and have suffered estimated losses of $1,274,881.83 as a result of the defendants' misconduct.  The New Mexico Funds have not received notice of any other applicant that has sustained greater financial

7

losses in connection with the purchase and/or sale of Sterling stock that has applied to serve as Lead Plaintiff in this action.

> b.      The New Mexico Funds Otherwise Satisfy Rule 23

The New Mexico Funds otherwise satisfy Rule 23[4] because, like other class members, they purchased Sterling common stock on the open market during the class period at prices artificially inflated by the materially false and misleading statements issued by defendants, and were damaged thereby.[5] Thus, their claims are typical, if not identical to those of the other members of the class. The New Mexico Funds are also adequate representative of the class, as their interests are clearly aligned with the other members of the class.  The New Mexico Funds share numerous common questions of law and fact with the other members of the class, and their claims are typical of other claims. Furthermore, the New Mexico Funds have already taken significant steps which demonstrates that they have and will protect the interests of the class.  Specifically, the New Mexico Funds have timely sought to participate as the Lead Plaintiff for the class, and have retained competent and experienced counsel to prosecute their claim.  Thus, the New Mexico Funds satisfy the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure.

---

[4]      Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

[5] "A wide-ranging analysis under Rule 23 is not appropriate [at this stage] and should be left for consideration of a motion for class certification." *Fischler v. Amsouth Bancorp*, No. 96-1567-Civ-T-17A, 1997 WL 118429 at *2 (M.D. Fla. Feb. 6, 1997).

3.      The New Mexico Funds's Selection of Counsel Is Well Qualified, And Should Be Approved

Under Section 21D(a)(3)(B)(v) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to court approval, select and retain counsel to represent the class.  The New Mexico Funds have selected and retained the law firms of Cauley Bowman Carney & Williams, PLLC ("Cauley Bowman") as Lead Counsel and Golomb & Honik, P.C. as Liaison Counsel. Cauley Bowman has extensive experience in successfully prosecuting complex securities actions, and Golomb & Honik, P.C. has successfully litigated a variety of consumer claims, including class actions, in this district.   Both firms are therefore amply qualified to represent the class.[6]

B.      The Court Should Consolidate All Related Actions

As set forth above, at least four class actions have been filed in this Judicial District that assert substantially similar claims against Sterling, which are predicated on the same facts. Accordingly, these cases present the prototypical situation where courts have exercised their discretion under Rule  42(a) of the Federal Rules of Civil Procedure[7] to consolidate cases.[8]

---

[6]      *See*, Cauley Bowman Firm Resume attached as Exhibit 6 to the Declaration of Mosser; and, Golomb & Honik Attorney Biographies attached as Exhibit 7 to the Declaration of Mosser.

[7]      Rule 42(a) states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

[8]      In addition, the Exchange Act, as amended by the PSLRA, specifically provides for the consolidation of actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of who shall serve as Lead Plaintiffs] until after the

9

The consolidation of the Related Actions will avoid duplicative litigation of issues and the potential waste of judicial resources inherent in litigating each action separately.  Accordingly, the Related Actions already filed, and any other action hereinafter filed in or transferred to this Judicial District which arises out of the same subject matter alleged in the Related Actions, should be consolidated for all purposes, including trial.

---

decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii).

III.    <u>CONCLUSION</u>

_____For the foregoing reasons, movants respectfully request that this Court (1) appoint the New Mexico Funds as Lead Plaintiff in these actions and any subsequently-filed related actions; (2) approve their selection of the law firms of Cauley Bowman Carney & Williams, PLLC as Lead Counsel and Golomb & Honik, P.C. Liaison Counsel for the class; and (3) consolidate these and all similar actions presently filed or to be filed against defendants for all purposes, including trial.

Dated: July 24, 2007.                   RESPECTFULLY SUBMITTED

                                         GOLOMB & HONIK, P.C.

                                         _____TMM 7305_____
                                         Richard M. Golomb
                                         Todd M. Mosser
                                         121 South Broad Street, Ninth Floor
                                         Philadelphia, PA 19107
                                         215-985-9177 (phone)
                                         215-985-4169 (fax)
                                         Proposed Liaison Counsel for the Class

                                         CAULEY BOWMAN CARNEY &
                                         WILLIAMS, PLLC
                                         J. Allen Carney
                                         Darrin L. Williams
                                         Randall K. Pulliam
                                         P. O. Box 25438
                                         Little Rock, AR 72221
                                         501-312-8500 (phone)
                                         501-312-8505 (fax)
                                         Proposed Lead Counsel for the Class

11

12